IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DENNIS CLEMONS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 114-129 ) |
| BRIAN OWENS, Commissioner, and J.D. MEDLIN, Warden, | ) ) ) ) |
| Respondents. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 4.) The Court **REPORTS** and **RECOMMENDS** that Respondent Medlin be **DISMISSED** from this case, Respondent's motion to dismiss be **GRANTED** (doc. no. 4), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent Owens.

I.   **BACKGROUND**

On December 10, 2008, a McDuffie County grand jury indicted Petitioner in connection with the death of Shirley Hunt. (Doc. no. 6-1.) On May 1, 2009, the state trial court concluded a bench trial and found Petitioner guilty of malice murder, possession of a firearm during commission of a felony, and possession of a firearm by a felon. (Doc. nos. 1, 6-1.) The trial court sentenced Petitioner to life imprisonment for malice murder and two consecutive sentences of five years imprisonment for the firearms charges. (Doc. no. 6-1.) On May 6, 2009, the trial

court entered Petitioner's judgment of conviction. (Id.) Petitioner appealed directly to the Supreme Court of Georgia, which affirmed Petitioner's convictions on January 10, 2011. (Id.) Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (Doc. no. 1, p. 3.)

On June 10, 2011, Petitioner filed his state habeas corpus petition in Lowndes County challenging the McDuffie County conviction. (Doc. no. 6-2.) The state habeas court held an evidentiary hearing on April 12, 2012 and denied relief in a final order filed on June 4, 2013. (Doc. no. 6-4.) Petitioner filed an application for a certificate of probable cause to appeal on August 23, 2013, which the Georgia Supreme Court dismissed as untimely on January 6, 2014. (Doc. no. 6-5.)

On June 6, 2014, Petitioner filed this § 2254 petition, challenging his McDuffie County conviction and sentence, raising ten different grounds of error. (Doc. no. 1, p. 74.) Respondent moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Respondent did not initially serve Petitioner with the exhibits referenced in the motion to dismiss but did so after prompting from the Court on December 12, 2014. (Doc. no. 11, p. 3.) The Court allowed Petitioner fourteen days to amend his answer to the motion to dismiss, but Petitioner has not done so. (Doc. no. 10.)

## II. DISCUSSION

### A. J.D. Medlin Is Not a Proper Respondent

Before addressing the timeliness issue, the Court notes that Petitioner improperly named J.D. Medlin as respondent, and the Court granted Brian Owens' motion to intervene on September 17, 2014. (Doc. no. 9.) Warden Medlin should be dismissed from this action because

as explained in the Court's September 17th Order, he is not a "state officer" even though he is responsible for running the private prison in which Petitioner is incarcerated. The proper respondent is the state officer having custody of the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases. Because the Commissioner of the Department of Corrections is the state officer in charge of Georgia's penal institutions, including Wheeler Correctional Facility, Warden Medlin is not a proper respondent in this case and should be dismissed. See O.C.G.A. § 42-2-6.

**B.     The Petition Should Be Dismissed as Time-Barred**

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file an application for a writ of certiorari, his conviction became "final" when the ninety-day period to file a certiorari petition expired. Jimenez v. Quarterman, 555 U.S. 113, 119, 129 (2009). Thus, Petitioner's Laurens County conviction became final on April 11, 2011. See Sup. Ct. R. 13, 30.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner's convictions became final on April 11, 2011, and he did not commence his state habeas proceedings until June 10, 2011, which allowed sixty days on the one-year period to run. (Doc. no. 6-2.) The state habeas court denied relief on June 4, 2013, and the period of limitations began running again on July 5, 2013, the date on which the thirty-day period for a filing an application for a certificate of probable cause with the Georgia Supreme Court expired. O.C.G.A. § 9-14-52(b). Although Petitioner filed an untimely application for a certificate of probable cause, the application was not "properly filed" and did not toll the one-year time period. See Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (finding the period of limitations began to run after the thirty-day period and filing an application after that period did not toll the AEDPA clock). Petitioner filed his federal § 2254 petition on June 6, 2014, 336 days after the state habeas proceeding ceased to toll the time period. Adding this time period to the above-referenced sixty days between his "final" conviction date and when he filed his state habeas corpus petition, Petitioner filed the § 2254 petition more than one year after the limitations period began to run, and is, therefore, untimely.

### C. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner cursorily circled 28 U.S.C. § 2244(d)(1)(B) in his petition but did not provide any further explanation for what state action impeded his ability to file the petition. In fact, nothing in his § 2254 petition complains of anything that the state did outside of his trial. (See doc. no. 1, p. 2.) Although Petitioner claims in another document that his legal papers were lost in a prison transfer, this claim appears more appropriately addressed under equitable tolling as Petitioner does not attribute the loss of the papers to the state. See also Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007). Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S.

408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (U.S. 2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000)  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (U.S. 2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

6

Here, Petitioner argues that he is entitled to equitable tolling because (1) the state was unable "to proceed due to absence of witnesses did effect his toll time [sic] "and (2) his personal property and legal materials were lost in a transfer to a prison. (Doc. no. 8, p. 2.) First, the absence of witnesses on the part of the state would not have affected his ability to file either his state habeas petition or federal habeas petition. Thus, this is not some extraordinary circumstance that prevented Petitioner from filing the federal or state habeas petition. See Holland, 560 U.S. at 649. Furthermore, Petitioner's loss of legal materials does constitute extraordinary circumstances. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding that denial of access to prisoner's legal papers was not an extraordinary circumstance). Petitioner fails to allege that his transfer between prisons was anything other than routine or argue how lack of access to his legal materials thwarted his efforts to file a timely proceeding. See id. Nor does he specify what legal materials were lost, or allege any wrongdoing by prison officials. Id. Petitioner only makes a cursory argument that "pro-se litigation is futile without documentation." (Doc. no. 8, p. 2.) This conclusory allegation falls short of the extraordinary circumstances required for equitable tolling.

In sum, Petitioner fails to show that an extraordinary circumstance stood in his way and prevented timely filing of his application within the one-year period of limitations. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent Medlin be **DISMISSED** from this case, Respondent's motion to dismiss be **GRANTED** (doc. no. 4), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA